■ In the Matter of the Claim of IRMA PADDOCK, Respondent, v BARCLAY KNITWEAR COMPANY et al., Respondents. HOWARD T. MOWERS, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [698 NYS2d 62] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed May 7, 1998, which ruled that no further payments for medical treatment were owed to Howard T. Mowers.

Howard T. Mowers, a chiropractor, treated claimant for a work-related injury and submitted bills for that treatment to claimant's employer. The workers' compensation insurance

---

carrier for the employer paid that portion of the bills which corresponded to the established fee schedule. Mowers requested a hearing on the issue of his entitlement to the unpaid portion of the bills for services rendered during the period November 1992 through July 1994. After the hearing, the Workers' Compensation Law Judge awarded Mowers additional fees, with interest and penalties, based upon the carrier's failure to timely file objections to the bills.

The Workers' Compensation Board rescinded the award of fees, interest and penalties, and restored the case to the trial calendar to consider whether Mowers' bills comply with the fee schedule and the need for Mowers' testimony. At the subsequent hearing, Mowers' attorney advised him not to testify and argued that the carrier had waived any objection to Mowers' fees. The Workers' Compensation Law Judge agreed and reinstated the award of fees, interest and penalties. The Board reversed and ruled that Mowers had failed to submit sufficient evidence to support his claim for unpaid bills.* Mowers appeals.

Workers' Compensation Law former § 13-*l* (6) provided that unless within 30 days of receipt of a bill from a chiropractor the employer demands an impartial examination of the fairness of the amount of the bill, the right to such an impartial examination shall be waived and the amount claimed by the chiropractor shall be deemed the fair value of the services rendered. Although the right of the employer and carrier to object to a chiropractor's bill is waived by the lack of a timely demand for an impartial examination, we are of the view that the Board is not thereby divested of its authority and responsibility to oversee the billing practices of chiropractors who are authorized to provide services pursuant to Workers' Compensation Law § 13-*l*. In addition to the Board's broad oversight responsibility established by Workers' Compensation Law § 13-*l*, the statute provided that "[t]he board *may* make an award for any such bill or part thereof which remains unpaid after the aforesaid [30-day] time limitation[ ]" (Workers' Compensation Law former § 13-*l* [6] [emphasis supplied]). Effective October 1, 1994, the statute provides that the Board's award cannot exceed the established fee schedules, but that does not compel the conclusion that prior to the amendment the Board was powerless to insist that, despite the absence of a timely objection by the employer or carrier, the chiropractor must

---

* The carrier failed to serve its request for Board review on Mowers, but Mowers and his attorney appeared at the Board hearing and did not raise the lack of service issue.

justify his or her bills which appear to exceed the established fee schedules. The decision is, therefore, affirmed.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.